## JACOB ALTHAUSE *v.* JOHN RICE.

In an action for a trespass upon land, unless the plaintiff's title is put in is it is to be taken on the trial as admitted.

Possession is sufficient to enable the plaintiff to maintain the action.

Proof of title by lease, given on the trial by parol without objection, furni no ground for reversal in such a case.

The mere fact that this court would not, upon the testimony as it appear in the return of a justice, have given so large a sum as damages, is not suffici to warrant a reversal of a judgment for a willful tort, for which there precise rule whereby the damages can be measured.

The damages must be grossly and obviously excessive, to warrant a rever for that cause.

Whether an allegation that the amount of recovery as certified in the retu erroneous by reason of a clerical error of the justice, will be inquired and determined upon affidavits produced on the appeal, without any liminary movement to obtain a further or amended return? *Quere.*

ACTION of trespass tried in the Fourth District Court, prosecuted to the Court of Common Pleas by appeal fro judgment awarding damages to the plaintiff. The facts pear in the opinion.

*Frederick G. Burnham,* for the defendant.

*Edward A. Fraser,* for the plaintiff.

By the Court. Woodruff, J.—The complaint in this action is for damages to the plaintiff's house, fence and woodhouse, and for obstructing the door of the plaintiff's house, carrying away his fence, boards, &c. The answer of the defendant is a general denial of the allegations. The plaintiff's title was therefore not put in issue; nor does any question regarding his title arise on the trial.

The witnesses for the plaintiff sufficiently prove his possession of the premises. One says he knows the premises mentioned in the complaint; he speaks of the woodhouses in the "yard of the plaintiff." The defendant put up a house in the rear of "the plaintiff's lot;" put his posts through the "woodhouse of plaintiff." The fence divided "the plaintiff's yard" from the alley way. Another witness says, "I was plaintiff's tenant; the defendant made a hole in the woodhouse of plaintiff; plaintiff got some boards and fixed it." Another says, "The fence was nailed to plaintiff's house." The clapboards of "plaintiff's house had been cut." "Plaintiff had possession of the alley way for several years." Another: "In 1849, all the leases ran out, including plaintiff's. The plaintiff had the use of the alley way under his lease, and a new lease was granted to him, the alley way remaining as it was." One of defendant's witnesses says boards were taken off of "plaintiff's woodhouse," with his consent; the defendant was very careful to do no injury to the plaintiff; and the plaintiff being examined on the defendant's behalf, says, "I used the alley way after the defendant came in." I am at a loss to perceive, in the face of this evidence and under the issue made by the pleadings, what further proof was necessary to enable the plaintiff to maintain his right of action. Indeed, the whole tenor of the return indicates that the plaintiff's possession of the premises alleged to have been injured, was not even questioned on the trial; and his title to the *locus in quo* the defendant was not at liberty, under the pleadings, to controvert. So that whether the plaintiff had a title to the use of the alley way or not, is a question not before the court.

It is next insisted that the court below erred in admitting parol evidence of the contents of the plaintiff's lease. It is sufficient to say, that whatever evidence was given in relation to the plaintiff's lease, was received without objection, and it is too late now to question its admissibility. But I do not find that the plaintiff gave any evidence of the contents of his lease. The witness states that a new lease was granted to him, the alley way remaining as it was. This does not necessarily mean anything more than that the occupation continued as theretofore, and as the plaintiff's title was not in question, that was all that was material.

It is further insisted that the damages are excessive, and affidavits are appended to the points of the appellant for the purpose of showing that the amount of damages inserted in the judgment is so entered by a clerical error, the justice having written $100, when he intended to write $25. It is not necessary for us to determine how such an error, if it occurred, should be corrected. We might properly expect that if such an error were committed, the justice would so certify in his return. But here, although two affidavits are produced, to the effect that the justice has stated that he rendered the judgment for $100 by mistake, intending to render the judgment in favor of the plaintiff for $25, yet the plaintiff appends to his points an affidavit that, within a few days before the submission of this appeal, and shortly after making a return of the proceedings herein, the justice stated to him that he intended to render the judgment against the defendant for $100, and had not intended to render it for a less sum. Upon this conflict, (even if it were conceded that we can entertain the inquiry upon such affidavits,) we can take no further notice of the allegation.

We feel at liberty to say that the proof of actual damages was slight; and were we to estimate them upon the proofs exhibited by the return, we should probably have deemed a less sum than $100 an indemnity for the injury done to the plaintiff. But the trespass seems to us willful, committed in utter disregard of the plaintiff's rights; for, although a wit-

ness says the plaintiff consented to the removal of two or three boards from his woodhouse, the other witnesses show that much more than that was done. And, although the estimate of the court below is large, we cannot, I think, say that it is so plainly excessive that the judgment should, on that ground, be reversed. From the nature of the trespass no precise rule of computation limits the recovery; and though the plaintiff, we think, failed to give any proof of the value of what he lost, or of the cost of his repairs, there was, nevertheless, proof which authorized the court to estimate the damages according to that species of discretion which a jury necessarily exercise in those actions of tort in which a precise measure of compensation is wanting.

I think the judgment must be affirmed.

Judgment affirmed.